UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BIENVENUE MBITUYIMANA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

______________________________/

Case No. 1:26-cv-2577

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court will grant Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on September 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 5, 2026, (ECF No. 10), and Petitioner filed a reply that same day (ECF No. 12).

## II. Relevant Factual Background

Petitioner is a native and citizen of the Democratic Republic of Congo (DRC) who entered the United States in 2015, was ordered removed from the United States in 2022, and was released from ICE custody on an Order of Supervision on June 20, 2022. Op., *Mbituyimana v. Lynch* (*Mbituyimana I*), No. 1:26-cv-1333 (W.D. Mich June 15, 2026.) (ECF No. 8); Op., *Mbituyimana v. Unknown Party #1* (*Mbituyimana II*), No. 1:26-cv-1915 (W.D. Mich. July 23, 2026) (ECF No. 14); Op., *Mbituyimana v. Raycraft* (*Mbituyimana III*), No. 1:26-cv- 2181 (W.D. Mich. Sept. 8, 2026) (ECF No. 14). The relevant history of Petitioner's contacts with immigration officials is well-documented in Petitioner's previous habeas actions before this Court in *Mbituyimana I*, *Mbituyimana II*, and *Mbituyimana III*.

Petitioner has been in ICE custody since December 9, 2025. Op., *Mbituyimana III*, (W.D. Mich. Sept. 8, 2026) (ECF No. 14). On March 18, 2026, ICE Headquarters placed Petitioner on the third country removal list for removal to Uganda. *Id.* As of June 29, 2026, ICE confirmed that removal missions to Uganda were being completed monthly, with approximately 10 individuals removed each month. Courtney Decl. ¶ 22, *Mbituyimana II*, (W.D. Mich. June 30, 2026) (ECF No. 6-1). On July 23, 2026, and September 8, 2026, the Court found that record demonstrated a significant likelihood of removal in the reasonably foreseeable future and denied Petitioner's § 2241 petitions in *Mbituyimana II* and *Mbituyimana III*.

Since the resolution of Petitioner's last § 2241 petition in *Mbituyimana III*, ICE has not provided Petitioner with any updates concerning his removal from the United States. (Pet., ECF No. 1, PageID.7.) ICE has confirmed that flights to Uganda "are paused because of Ebola." (Abudullah Decl. ¶ 12, ECF No. 10-1, PageID.51.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because, *inter alia*, he has been detained for over ten months and there is no significant likelihood of removal in the reasonably foreseeable future. (Pet., ECF No. 1, PageID.7; Reply, ECF No. 12, PageID.58–59.) In response, Respondents argue that Petitioner has not met his burden under *Zadvydas v. Davis* 533 U.S. 678, 701 (2001), and, even if he could, "ICE is actively working to remove Petitioner." (Resp., ECF No. 10, PageID.43.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final in 2022. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has now been detained for nearly 11 months since he was taken into custody on December 9, 2026, and it appears that removal efforts have stalled. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because, despite Respondents representations that removal to Uganda was previously "possible in general," there is no indication that Uganda has accepted Petitioner, that travel documents have been obtained, that removal has been scheduled, or that flights are presently occurring "due to Ebola virus concerns and implemented travel restrictions." (Reply, ECF No. 12, PageID.59.) The Court finds that Petitioner has met his burden of showing that there is now no significant likelihood of removal in the reasonably foreseeable future.

Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *See Zadvydas*, 533 U.S. at 701. Respondents state only that "flights to

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Uganda "are paused because of Ebola." (Abudullah Decl. ¶ 12, ECF No. 10-1, PageID.51.) Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.[2]

## V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions of release that

---

[2] Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

existed prior to Petitioner's present detention. The Court will also order Respondents to file a status report within five days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: October 8, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge